[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11782
Non-Argument Calendar

_____

Agency No. A209-836-369

JULIENNE ANDRE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 7, 2019)

Before WILLIAM PRYOR, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Julienne Andre, a native and citizen of Haiti, petitions for review of an order

that affirmed the denial of her applications for asylum, withholding of removal,

and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A). The Board of Immigration Appeals and the immigration judge found Andre not credible. The Board also agreed with the immigration judge's alternative findings that Andre was ineligible for asylum after having firmly resettled in Brazil and that she failed to establish her membership in a cognizable social group or that she was harmed on account of a protected ground. Andre challenges the denial of her post-hearing motion to file additional evidence, the adverse credibility finding, and the alternative grounds for denying relief. We dismiss in part and deny in part Andre's petition.

The immigration judge did not abuse his discretion by denying as untimely Andre's motion to file additional evidence. Federal regulations give immigration judges control over removal proceedings, including the right to "set and extend time limits for the filing of applications and related documents and responses thereto, if any." 8 C.F.R. § 1003.31(c). We cannot classify as arbitrary and capricious the immigration judge's refusal to accept documents that Andre sought to file almost two months after her evidentiary hearing. *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1276 (11th Cir. 2009). Andre argues that the failure to consider her evidence deprived her of a "fundamentally fair hearing in the removal

2

proceedings," but we lack jurisdiction to review an argument that Andre did not raise in her appeal to the Board, *see Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006), and dismiss this part of Andre's petition.

Substantial evidence supports the finding that Andre was not credible, and the immigration judge identified specific and cogent reasons to support that finding. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). There were numerous inconsistencies in Andre's testimony, her statements to interviewers, and her corroborating evidence about why she left Haiti, about being assaulted on September 16, 2014, and December 3, 2014, and about her father's disappearance. Andre told a border agent that she left Haiti due to economic hardship and that she had no fear of being harmed in her homeland, which was strikingly different from her later accounts that she fled Haiti to avoid imminent death at the hands of her uncle who had harmed her and her parents because of a property dispute. Andre testified that she and her father were assaulted by her uncle on September 16, 2014, and that she did not report her injuries to the police, but two police reports prepared that day recorded Andre's injuries and did not mention her father or her uncle. Andre also testified that her uncle beat and cut her on December 3, 2014, but she wrote on an Extract filed in a local registry that the incident occurred on November 20, 2014, and a medical report that Andre offered

3

to corroborate her injuries and treatment was dated November 28, 2014. Although

Andre submitted a police report dated December 3, 2014, it did not state that she

had been beaten or mention her uncle. And Andre testified that her father

disappeared after receiving a telephone call on October 28, 2014, but she submitted

a police report dated September 29, 2014, in which she stated that her father had

disappeared "the night of September 28, 2014," and that "it's been about 3 years

since we heard any news about him," which suggested that her father had

disappeared in 2011. Andre offers no explanation for these and other

inconsistencies that would compel a reasonable fact finder to reverse the adverse

credibility finding and conclude that she established eligibility for asylum,

withholding of removal, or relief under the Convention. *See Shkambi v. U.S. Att'y*

*Gen.*, 584 F.3d 1041, 1051 (11th Cir. 2009).

In the light of the record supporting the credibility finding, we need not

address the alternative findings that Andre was statutorily ineligible for asylum

after having firmly resettled in Brazil or that she failed to prove she suffered past

persecution on account of a protected ground. We deny Andre's petition for review

of the denial of asylum, withholding of removal, and relief under the Convention.

**DISMISSED IN PART, DENIED IN PART.**

4